**David TERRELL, Terry Terrell,**
**Plaintiffs–Appellants,**

v.

**Michael EISNER, Michael Ovitz,**
**the Walt Disney Co., Inc.,**
**Defendants–Appellees.**

**Docket No. 03–9021.**

United States Court of Appeals,
Second Circuit.

July 14, 2004.

Terry Terrell, Bronx, NY, for Petitioner, pro se.

Robert P. Lobue, Patterson, Belknap, Webb & Tyler LLP, New York, N.Y. (Estella J. Schoen, Tanya Menton, on the brief), for Respondent.

PRESENT: CALABRESI, STRAUB, and SOTOMAYOR, Circuit Judges.

## SUMMARY ORDER

Plaintiffs Terry Terrell and his minor son David Terrell (collectively, "Terrells" or "plaintiffs") filed suit against Michael Eisner, Michael Ovitz, and the Walt Disney Company (collectively, "Disney" or "defendants") seeking $30,000,000.00 in compensation for the alleged misappropriation of various creative works. Plaintiffs contend that Terry Terrell submitted several proposals for creative projects (including a futuristic outer-space Christmas film starring his daughter Elise, an updated version of the Rogers and Hammerstein classic Cinderella featuring his daughter Elise and his son David, and a situational comedy entitled "Serendipity" described as " 'Home Improvement' meets 'Seinfeld', from a child's perspective") to the Creative Artists Agency ("CAA") in May 1993. They further allege that then-CAA chairman Ovitz misappropriated the ideas and used them as leverage to become the President and Chief Operating Officer of Disney. Plaintiffs also claim that their 1993 creative submission was used without per-

mission to create the 1994 Disney film "The Santa Clause," the 1997 Disney television movie "Cinderella," and the 2001 Miramax film "Serendipity."

Plaintiffs filed suit in the Southern District of New York on April 18, 2001. After amending their complaint four times to cure various defects, plaintiffs settled on six claims: (1) violation of the Racketeering Influenced and Corrupt Organizations Act ("RICO"), 18 U.S.C. §§ 1961–62; (2) misappropriation of Terry Terrell's proposal for a science-fiction, outer-space Christmas film; (3) misappropriation of Terry Terrell's proposal for a film presenting a modern-day Cinderella story; (4) misappropriation of Terry Terrell's proposal for a situational comedy entitled "Serendipity"; (5) a claim to recover the "reward" (i.e., severance package) received by Ovitz upon his departure from Disney; and (6) a claim to recover for Disney's "oppression, fraud, and malice" against the Terrells. On July 24, 2003, the district court (Casey, *J.*) dismissed plaintiffs' complaint in its entirety, in part for violations of relevant statutes of limitations, and in part under Rule 12(b)(6) of the Federal Rules of Civil Procedure for failure to state valid claims. In light of four previous amendments to the complaint, the district court denied leave to amend. Plaintiffs now appeal the district court's order dismissing their complaint.

We review *de novo* a district court's dismissal for failure to state a claim, accepting as true the allegations in the complaint. *See Gant v. Wallingford Bd. Of Educ.*, 69 F.3d 669, 672–73 (2d Cir.1995). And we give a generous reading to the allegations contained in a complaint filed *pro se,* construing it broadly and interpreting it to raise the strongest arguments that it suggests. *See Weixel v. Bd. of Educ. of City of New York,* 287 F.3d 138, 146 (2d Cir.2002). But even accepting plaintiffs' assertions as true, and construing their complaint broadly, plaintiffs fail to state a claim on any of their six counts.

■ First, plaintiffs do not plead the necessary elements of a civil RICO claim. A plaintiff charging civil RICO violations must allege each of the claim's elements, including "(1) conduct, (2) of an enterprise, (3) through a pattern (4) of racketeering activity," as well as "injury to business or property as a result of the RICO violation." *Anatian v. Coutts Bank (Switzerland) Ltd.,* 193 F.3d 85, 88 (2d Cir.1999). The requisite "pattern ... of racketeering activity" required by 18 U.S.C. § 1961(5) must consist of two or more predicate acts of "racketeering," as enumerated in 18 U.S.C. § 1961(1).

Plaintiffs do not allege the predicate acts necessary to proceed to trial on a civil RICO claim. They allege common-law misappropriation of their rights to various creative works, but misappropriation is not a predicate act under RICO. Criminal copyright violations can be predicate acts under RICO, *see* 18 U.S.C. § 1961(1), but plaintiffs explicitly "reject[ ] Defendants' attempt to convert these common law fraud, misappropriation, and conversion of trade secrets [claims] into copyright infringement claims." Their complaint, therefore, does not state a claim for civil RICO violations.[1]

---

1. The district court dismissed plaintiffs' RICO claim for failure to comply with the relevant statute of limitations. Because we do not believe that plaintiffs' complaint meets the pleading requirements for a RICO claim, we do not reach the question of RICO's statute of limitations, and instead affirm the district court's dismissal of the complaint on the same grounds as its dismissal of other counts in plaintiffs' complaint—failure to state a claim under Rule 12(b)(6) of the Federal Rules of Civil Procedure.

■ Second, plaintiffs' common-law misappropriation claims (counts two, three, and four of the complaint) are completely preempted by the Copyright Act. *See National Basketball Ass'n v. Motorola, Inc.,* 105 F.3d 841, 849 (2d Cir.1997); *see also* 17 U.S.C. §§ 102(a)(1)-(6), 301(a). Accordingly, we affirm the district court's dismissal of plaintiff's completely preempted state-law claims. *See Briarpatch Ltd., L.P. v. Phoenix Pictures, Inc.,* 373 F.3d 296 (2d Cir.2004) (holding that "once a district court determines that a state law claim has been completely preempted ... the court must then dismiss the claim for failing to state a cause of action").[2]

■ Finally, the Terrells' remaining claims (counts five and six of the complaint) are too vague to maintain even under our liberal rules of pleading. Plaintiffs allege that they are owed a portion of the severance package Disney provided Ovitz upon his departure, and that defendants "acted with oppression, fraud and malice." Neither count of the complaint offers any legal theory of recovery. Moreover, even were we to assume that these claims attempt to allege fraud, they would run afoul of Rule 9's heightened pleading standard.

We have considered all of plaintiffs' arguments and find them to be without merit. The judgment of the district court is therefore AFFIRMED.

2. The district court dismissed plaintiffs' common-law misappropriation claims after analyzing those allegations "as claims under the Copyright Act" and determining that each claim was barred by the statute of limitations. A6–7. That analysis was erroneous, but was understandable prior to our decision in *Briarpatch*.